# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00255-CV

---

**D. H., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 146TH DISTRICT COURT OF BELL COUNTY**
**NO. 312,572-B, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING**

---

## C O N C U R R I N G   O P I N I O N

Because the evidence in this case is legally and factually sufficient to support the district court's finding that Mother endangered her children by engaging in conduct that included methamphetamine use, I concur in the Court's judgment affirming the termination of Mother's parental rights. I write separately to emphasize that to support a finding of endangering conduct based on a parent's drug use, I believe there must be some evidence of a "causal connection" between the drug use and the endangerment of the children's physical or emotional well-being. *See In re L.C.L.*, 599 S.W.3d 79, 86 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (en banc); *see also* Tex. Fam. Code § 161.001(b)(1)(E).

Although "a parent's use of narcotics and its effect on his or her ability to parent *may* qualify as an endangering course of conduct," *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009) (emphasis added), "a finding of endangerment based on drug use alone is not automatic,"

*In re C.V.L.*, 591 S.W.3d 734, 751 (Tex. App.—Dallas 2019, pet. denied). "The party seeking termination must still present clear and convincing evidence of . . . a continuing course of conduct to satisfy the requirements of subsection (E)." *Id.* Thus, evidence of drug use, standing alone, generally does not support a finding of endangering conduct. *See, e.g., id.* at 752 ("While unquestionably an exercise of poor judgment, Father's use of methamphetamines on two occasions, standing alone, does not rise to the level of a conscious course of conduct."); *In re A.S.*, 261 S.W.3d 76, 86 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (concluding that "a single use of marijuana does not constitute a 'voluntary, deliberate, and conscious course of conduct' sufficient to support a termination finding under subsection (E)"); *Ruiz v. Texas Dep't of Fam. & Protective Servs.*, 212 S.W.3d 804, 818 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (concluding that evidence of mother's alleged narcotics use was "extremely limited" and "[did] not support a finding, by itself, that [mother] engaged in conduct or knowingly placed [the child] with persons who engaged in conduct that endangered [the child]'s physical or emotional well-being"); *G.M. v. Texas Dep't of Hum. Res.*, 717 S.W.2d 185, 189 (Tex. App.—Austin 1986, no writ) (concluding that evidence of mother's use of intravenous drugs was "far from clear and convincing" that she "engaged in this conduct during her pregnancy, or if she did, that this was the producing cause" of her child's health problems).

Of course, there are many cases in which there is sufficient evidence connecting a parent's drug use to the endangerment of a child's physical or emotional well-being, including evidence as to the dangerousness of the drug, the extent and duration of the drug use, the effects of the drug use on the parent's caregiving abilities, whether the drug use resulted in the parent's incarceration, whether the parent used drugs in the presence of the children or while pregnant with a child, and whether the drug use continued during the pendency of the case. *See, e.g.,*

2

*J.O.A.*, 283 S.W.3d at 346; *In re L.W.*, 609 S.W.3d 189, 202 (Tex. App.—Texarkana 2020, no pet.); *A.C. v. Texas Dep't of Fam. and Protective Servs.*, 577 S.W.3d 689, 699 (Tex. App.—Austin 2019, pet. denied); *In re A.R.M.*, 593 S.W.3d 358, 371 (Tex. App.—Dallas 2018, pet. denied); *Walker v. Texas Dep't of Fam. & Protective Servs.*, 312 S.W.3d 608, 616–17 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Moreover, a factfinder may infer that a child has been endangered by a parent's drug use if the surrounding circumstances support such an inference. *See, e.g., S.G. v. Texas Dep't of Fam. and Protective Servs.*, No. 03-21-00085-CV, 2021 WL 3437890, at *11 (Tex. App.—Austin Aug. 6, 2021, no pet.) (mem. op.) (concluding that factfinder could infer that Father's drug use prevented him from recognizing or responding appropriately to severity of child's injuries, including by failing to take child to hospital for treatment). Also, as this Court recently observed, there may be cases "in which a parent's drug use might be so pervasive or serious, even in the absence of evidence of conduct that directly endangers the child or limited to times when the child was not in the parent's direct care, that the drug use on its own could support a finding of endangerment." *T.M. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-21-00174-CV, 2021 WL 4692471, at *6 n.2 (Tex. App.—Austin Oct. 8, 2021, no pet. h.) (mem. op.). However, in most cases, the Department must present evidence, either direct or circumstantial, connecting the drug use to the endangerment of the children's physical or emotional well-being. The Department did so here.

With these comments, I concur in the Court's judgment.

_____

Gisela D. Triana, Justice

3

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: November 3, 2021